1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DELILAH RENE, an individual,

               Plaintiff,

    v.

GODWIN GRUBER, LLP, a Texas limited
liability partnership, BRIAN HAIL, an individual,
KEVIN HAIL, an individual, and NEAL HAIL,
and individual,

               Defendant.

No. C05-0770-MJP

ORDER DENYING DEFENDANTS
NEAL HAIL AND KEVIN HAIL'S
MOTION TO DISMISS OR
TRANSFER FOR IMPROPER VENUE

      This motion comes before the Court on Defendants' request for dismissal or transfer due to improper venue. The Defendants argue against venue in the Western District of Washington because the Defendants, the corporations and assets involved reside in Texas and any visits to Washington were social in nature. The Plaintiff contends that she, her radio program and staff reside in Seattle and the parties conducted the majority of the business underlying the claims in Seattle. Having considered all pleadings and relevant papers associated with this motion, the Court DENIES the Defendants' motion to dismiss or transfer to Texas. The Court finds that venue is proper in Washington because a substantial part of the property and events giving rise to the claims occurred in Seattle and  Defendants have not demonstrated a need justifying transfer.

**BACKGROUND**

      Plaintiff has a syndicated radio program based in Seattle. She met Defendants Neal Hail and Brian Hail during a promotional visit to Texas in 2003. In summer 2003, Neal Hail arranged a trip to

ORDER - 1

1   Seattle to discuss business opportunities. At this meeting, Plaintiff agreed to allow Neal and Brian Hail

2   and Godwin Gruber to represent and advise her. Eventually, the Hails assisted Ms. Rene in exiting her

3   contract with Jones radio and entering another with Premiere radio, although the extent of the

4   assistance is disputed. The parties had further dealings through two Texas corporations, established

5   for management of Plaintiff's media enterprise, and of which Kevin Hail was CEO. The relationship

6   between Plaintiff and Defendants soon deteriorated resulting in this suit and countersuit. A dispute

7   arose over the management of the corporations and proceeds from the Premiere contract, including

8   Kevin Hail's transfer of $300,000 from a corporate account to an account under his control. Plaintiff

9   removed Defendants as managers of the corporations and transferred her funds to a Seattle account.

10                                          **DISCUSSION**

11          An action based solely on diversity jurisdiction may be brought only in venues that meet the

12   criteria of 28 U.S.C. § 1391(a). The chosen venue need not be the best venue, only a qualifying venue.

13   See, Conttman Transmission Systems v. Martino, 36 F. 3d 291, 294 (3rd Cir. 1994) (the question is

14   not the best forum); Bates v. C & S Adjusters, Inc., 980 F. 2d 865, 867 (2d Cir. 1992). As long as

15   Western Washington meets the requirements of 28 U.S.C. 1391(a), venue is proper.

16          Defendants argue that venue is improper in Washington. They claim that Texas is the proper

17   forum because the three individual Defendants and the Defendant LLP are domiciled in Texas. As all

18   Defendants are all domiciled in the state, Texas qualifies as a venue based on 28 U.S.C. 1391(a)(1).

19   However, venue can exist in multiple locations.

20          Western District of Washington qualifies as a proper forum under 28 U.S.C. 1391(a)(2)

21   because a substantial part of the property and events giving rise to the claims occurred in Seattle.

22   Venue requires more than "minimum contacts." The events must be substantial, have a nexus with the

23   claims alleged, and reflect Defendants activities, not those of the Plaintiff. See, Jenkins Brick v.

24   Bremer, 321 F. 3d 1366, 1371 (11th Cir. 2003); Conttman Transmission Systems v. Martino, 36 F. 3d

25   291, 294 (3rd Cir. 1994); Woodke v. Dahm, 70 F. 3d 983, 985 (8th Cir. 1995).

1        Washington state has more than "minimum contacts" with the events and activities of the

2  Defendants. The locus of the injury in a tort action is a relevant factor in determining venue. Myers v.

3  Bennet Law Offices, 238 F. 3d 1068, 1076 (9th Cir. 2001). Plaintiff alleges the torts of fraud,

4  professional negligence and breach of fiduciary duty. Plaintiff lives and works in this District. Sixty

5  percent of her radio contract income goes to a Washington bank account and she claims entitlement to

6  the other forty percent which currently goes to the Hails. (Pl.'s Opp'n to Mot. at 17). Given her

7  residence and maintenance of a bank account that plays a role in the financial dispute, Western

8  Washington appears to be a locus of harm.

9        Additionally, substantial events arise out of the business email, letters, and phone calls from

10  Defendants into the District as part of the professional relationship. Defendants also conducted

11  business on several trips to Seattle. Even if these trips were mainly social, they cultivated the

12  relationship with Plaintiff in furtherance of business. Plaintiff signed all contracts in Seattle, including

13  her contract with Premiere and the formation documents for the two Texas corporations. (Pl.'s Opp'n

14  to Mot. at 16); See, e.g., Cummings v. Western Trial Lawyers Ass'n,133 F. Supp. 2d 1144, 150 (D.

15  Ariz. 2001); Pasulka v. Sykes, 131 F. Supp. 2d 988, 994 (N.D. Ill. 2001); Interlease v. Aviation

16  Investors II (Aloha) L.L.C. v. Vanguard Airlines, Inc., 262 F. Supp. 2d 865, 913-14 (N.D. Ill 2003).

17  Plaintiff and her radio program generate the revenue that comprises the sole assets at issue in the case.

18  (Pl.'s Opp'n to Mot. at 14). Since this revenue is the "property" in dispute, the presence of the

19  program, and related talent, in Seattle factors in favor of venue in the Western District of Washington.

20                         **CONCLUSION**

21        The location of Plaintiff and her radio enterprise, Defendants' communications and trips, and

22  the resulting effects on Plaintiff and her bank account in Seattle all form the heart of the dealings

23  giving rise to the allegations in this case. As a result, Western Washington is a "judicial district in

24  which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial

25  part of property that is the subject of the action is situated." 28 U.S.C. § 1391(a)(2). Although Texas

ORDER - 3

1   has a strong claim for venue under 28 U.S.C. § 1391(a)(1), venue can exist in multiple locations, and

2   the chosen venue does not need to be the best venue. As Defendants have shown no inconvenience to

3   themselves or witnesses, or other reasons justice requires venue in Texas, they do not meet the burden

4   of proof for transfer of venue under 28 U.S.C. 1404(a). The Court DENIES Defendant's motion to

5   dismiss or transfer for improper venue.

6

7          The clerk is directed to provide copies of this order to all counsel of record.

8          Dated: August 2, 2005

9

10

11

12

13                                          Marsha J. Pechman

14                                          United States District Judge

15

16

17

18

19

20

21

22

23

24

25

ORDER - 4